[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an administrative appeal pursuant to C.G.S.1-21i(d) from a decision of the Freedom of Information Commission (FOIC) brought by Barbara Bayers, et al. as a result of a decision rendered by the Freedom of Information Commission in which the Commission had ordered the release of personal files of five Easton Teachers Anthony J. Delano and a citizens group known as "Citizens for Responsible Government."
Anthony J. Delano and the Citizens for Responsible Government requested from the Easton Board of Education in a letter dated January 16, 1989, all documents submitted and reviewed by the Easton Board of Education as part of the application for employment for newly hired teachers in the Helen Keller and Staples Schools for the 1988-89 school year. The Easton Board of Education provided names, addresses, dates of all high school and colleges attended, degrees received, military experience, extracurricular activities, and state certifications. Anthony J. Delano and the Citizens for Responsible Government filed a complaint on January 25, 1989 CT Page 1987 appealing the Easton Board of Education's petition not to fully comply with that group's request. Additional information was requested by the Complainants pertaining to the above-referenced teachers, specifically: salaries in previous jobs, minimum salaries requested, personal essays, college and graduate school transcripts, identity of personal or professional references, letters of reference and reason(s) for terminating prior employment.
The initial hearing was held on March 17, 1989. A review of the transcript shows that the plaintiffs urged the Commissioner to review the disputed documents in camera rather than by use of Vaughn, index.[1] A second hearing was held on May 22, 1989.
On September 19, 1989 the FOIC, through its designated Commissioner, ordered the Superintendent of Schools in the Town Easton to produce all records in their entirety for review in camera inspection. On January 17, 1990 the final decision was released by the FOIC.
At issue before the FOIC was information withheld from the original complainant as follows:
a. salaries in previous jobs;
b. minimum salaries requested;
c. personal essays;
d. college and graduate school transcripts;
e. identity of personal or professional references;
f. letters of reference; and
g. reason(s) for terminating prior job(s).
In reviewing the extensive findings of the FOIC the record shows that each of the document/categories of dispute were found to be governed by Section 1-19(b)(2), which has an exception that prohibits the disclosure of personal or medical files and similar files, the disclosure of which would constitute an invasion of personal privacy. The FOIC went through an exhaustive line-by-line analysis of each of the documents by category. In their examination they distinctively balanced the public interest in disclosure versus the competing personal privacy interest of the teachers in avoiding disclosure. In many, if not most, of the document/categories the FOIC allowed redaction of certain portions of the documents CT Page 1988 due to overriding privacy interests. In each of the disputed categories the FOIC's actions indicate a sensitivity to privacy interests, embarrassment to the teachers and a host of other personal considerations.[2]
At the appeal hearing the plaintiffs argued that the recent Supreme Court decision of Chairman, Criminal Justice Commission, et al. v. Freedom of Information Commission, et al. v. Freedom of Information Commission, et al., 217 Conn. 193
(1991) required this court to sustain this appeal.[3]
In examining the actions of the commission the records disclose that a balancing test was utilized by them on each document/category at issue. Further, the Commission recognized that the information sought had the potential for embarrassment and it was given with a reasonable expectation of confidentiality. While acting in good faith the FOIC clearly used a balancing test to withhold or disclose each of the documents at issue. Such a test is prohibited by law after Chairman, supra. In reviewing many of the documents this court was struck by the personal quantity of each. The court could sense the reasonable expectation of confidentiality and see the real potential for abuse and personal embarrassment to each applicant. Teachers on a daily basis serve on the front lines of society. They are responsible for the minds, hearts and discipline of our children. To preserve the ability of Boards of Education to hire the best and the brightest requires a full and frank exchange of information.
The appeal is sustained.
NORKO, J.